01
02
03
04
05
06                        UNITED STATES DISTRICT COURT
                         WESTERN DISTRICT OF WASHINGTON
07                                   AT SEATTLE

08  WILLIAM MORRIS, III                    )
                                           )   CASE NO. C12-1033-MJP-MAT
09         Plaintiff,                      )
                                           )
10     v.                                  )   REPORT AND RECOMMENDATION
                                           )
11  KING COUNTY and KING COUNTY            )
    CORRECTIONAL FACILITY,                 )
12                                         )
           Defendants.                     )
13  _____)

14                     INTRODUCTION AND SUMMARY CONCLUSION

15         Plaintiff proceeds *pro se* and *in forma pauperis* in an action brought pursuant to 42

16  U.S.C. § 1983. In his proposed complaint, plaintiff named King County and King County

17  Correctional Facility as defendants, and alleged denial of his constitutional right of access to

18  courts. (Dkt. 7.)

19         The Court issued an Order Declining to Serve and Granting Leave to Amend. (Dkt. 8.)

20  As stated in that Order, in order to sustain a § 1983 claim, plaintiff must show (1) that he

21  suffered a violation of rights protected by the Constitution or created by federal statute, and (2)

22  that the violation was proximately caused by a person acting under color of state or federal law.

REPORT AND RECOMMENDATION
PAGE -1

*West v. Atkins*, 487 U.S. 42, 48 (1988); *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The Court identified deficiencies in plaintiff's complaint.

First, King County Correctional Facility is an entity of King County and, as such, is not a proper defendant in this action. *See Nolan v. Snohomish County*, 59 Wn. App. 876, 883, 802 P.2d 792 (1990) ("[I]n a legal action involving a county, the county itself is the only legal entity capable of suing and being sued.") A local government unit or municipality, like King County, can be sued as a "person" under § 1983. *Monell v. Department of Social Servs.*, 436 U.S. 658, 691-94 (1978). However, a municipality cannot be held liable under § 1983 solely because it employs a tortfeasor. *Id*. at 691. A plaintiff seeking to impose liability on a municipality under § 1983 must identify municipal "policy" or "custom" that caused his or her injury. *Board of the County Commissioners v. Brown*, 520 U.S. 397, 403 (1997). In this case, plaintiff improperly named King County Correctional Facility as a defendant. Moreover, to the extent plaintiff intended to pursue claims against King County itself, he failed to identify any municipal policy or custom that caused his injury.

Second, to establish a constitutional violation of the right of access to courts, a plaintiff must show some actual injury resulting from a denial of access. *Lewis v. Casey*, 518 U.S. 343, 349 (1996). An "actual injury" is defined as "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." *Id*. at 348 (citation and internal quotations omitted). Here, the Court advised plaintiff that, if he wished to pursue this matter further, he should provide sufficient detail and support for his claims.

Given the deficiencies described above, the Court declined to serve the complaint or to

REPORT AND RECOMMENDATION
PAGE -2

direct that an answer be filed, and granted plaintiff leave to amend his complaint, if possible, to correct the identified deficiencies. The Court directed plaintiff to file the amended complaint within thirty days of its July 18, 2012 Order. It noted that the amended complaint must be filed under the same case number as this one, and would operate as a complete substitute for, rather than a mere supplement to, the initial complaint. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Further, if no amended complaint was timely filed, or if plaintiff filed an amended complaint that failed to correct the deficiencies identified above, the Court may recommend that this matter be dismissed. To date, the Court has not received an amended complaint or other response from plaintiff.

For the reasons stated in the Order granting plaintiff an opportunity to amend and discussed above, the Court now recommends that plaintiff's complaint be dismissed with prejudice for failure to state a claim on which relief may be granted under 28 U.S.C. § 1915(e)(2)(B)(ii). Because the Court recommends dismissal on this ground, it also recommends that this dismissal count as a "strike" under 28 U.S.C. § 1915(g). A proposed Order accompanies this Report and Recommendation.

DATED this 30th day of August, 2012.

Mary Alice Theiler
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE -3